OSCN Found Document:STATE OF OKLAHOMA ex rel. OBA v. HULSE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE OF OKLAHOMA ex rel. OBA v. HULSE
2025 OK 58
Case Number: 7950
Decided: 09/15/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 58, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
WESLEY BLAKE HULSE, Respondent.

ORDER APPROVING RESIGNATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is (1) the affidavit of Respondent Wesley Blake Hulse filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A, requesting that this Court allow him to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law, and (2) the OBA's Application for Order Approving Resignation Pending Disciplinary Proceedings.

Decision of the Court

¶2 On September 22, 2009, the OBA admitted Hulse to membership. On August 18, 2025, the OBA filed with this Court Hulse's affidavit of resignation pending disciplinary proceedings.

¶3 Hulse's affidavit of resignation reflects that (a) he freely and voluntarily rendered his resignation; (b) he was not subject to coercion or duress; and, (c) he was fully aware of the consequences of submitting his resignation.

¶4 Hulse is aware the OBA opened a grievance against him in the following matter:

DC 24-79: Grievance by Barry Bollenbach: alleging that while I worked for the oil and gas company, Teocalli Exploration, that I improperly used a company credit card that was assigned to me. Also, I misdirected a payment that should have gone to Teocalli to companies that were owned and operated by me. I previously repaid this misdirected payment that I had received improperly.

¶5 Hulse is aware that these allegations would constitute a violation of Rule 1.15, 8.4(a) and 8.4(d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, and Rule 1.3 and 5.2 of the RGDP, as well as his oath as an attorney.

¶6 Hulse's affidavit of resignation further states:

a. Hulse is aware that the OBA has the burden of proving the allegations against him, but he waives any and all rights to contest the allegations.

b. He is aware that approval of his resignation is discretionary with this Court.

c. He is familiar with and agrees to comply with Rule 9.1 of the RGDP within twenty (20) days following the date of his resignation, to comply with Rule 11 of the RGDP as a prerequisite to reinstatement, and to make no application for reinstatement prior to the expiration of five (5) years from the effective date of his resignation.

d. He acknowledges that the Client Security Fund may receive claims from his former clients and agrees to reimburse the fund for the principal amounts and statutory interest for claims which it approves and pays as a prerequisite to his reinstatement to the practice of law.

e. He acknowledges and agrees to cooperate with the Office of General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client cases where Hulse owes fees or refunds.

f. He acknowledges that the OBA may have incurred costs in the investigation of this matter and agrees he is responsible for reimbursement of these costs.

g. He will tender his OBA membership card to the Office of the General Counsel or destroy it.

¶7 We determine the effective date of Hulse's resignation to be September 15, 2025.

¶8 This Court finds Hulse's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1 of the RGDP and is accepted.

¶9 Hulse's OBA number is 22781, and his official roster address, as shown by OBA records, is P.O. Box 20590, Oklahoma City, OK 73156. Hulse's mailing address is 2933 Prairie Rose Court, Oklahoma City, OK 73120.

¶10 IT IS THEREFORE ORDERED that the OBA's Application for Order Approving Resignation is approved.

¶11 IT IS FURTHER ORDERED that Hulse's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of his resignation. See RGDP Rules 8.2 and 11.1.

¶12 IT IS FURTHER ORDERED that Hulse comply with Rule 9.1 of the RGDP and return all client files and refund unearned fees.

¶13 IT IS FURTHER ORDERED that as a condition of reinstatement, Hulse shall reimburse the Client Security Fund for any monies expended because of his malfeasance or nonfeasance. See RGDP Rule 11.1(b).

¶14 IT IS FURTHER ORDERED that the OBA has not sought reimbursement of costs associated with the investigation of this matter, and therefore, no reimbursement is ordered.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 15th day of September, 2025.

/s/________________________________
CHIEF JUSTICE

ALL JUSTICES CONCUR

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105